WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Taniela F Kivalu and Florence T Kivalu, | No. CV-21-01809-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Chase JP Morgan Bank NA and Wells Fargo Bank NA, | |
| Defendants. | |

Four motions pend before the Court, motions to dismiss from each defendant, and two motions by Plaintiffs. For the reasons that follow, the Court grants the motions to dismiss and denies Plaintiffs' motions.

**I. Background**

Plaintiffs, Florence Kivalu ("Father") and Taniela Kivalu ("Daughter"), purchased a 2016 Kia Soul financed by Wells Fargo Bank. To pay down the loan, Father set up automatic payments to the Wells Fargo Bank account from his own JP Morgan Chase Bank account ending in 5268 ("the Chase Account"). Plaintiffs jointly enrolled in a separate Chase account ending in 6111. Plaintiffs allege that they entered into an agreement with Wells Fargo whereby Wells Fargo would (1) deduct $18,195.28 from the Chase account, (2) release title to Daughter upon full payment, (3) close the Wells Fargo account, and (4) direct Chase to discontinue any future automatic payments to the Wells Fargo account. (Doc. 1 at 2.) Plaintiffs do not allege that Wells Fargo had control over their accounts with Chase.

Plaintiffs paid the loan in full, and Plaintiffs allege that Wells Fargo complied with every aspect of the agreement, including contacting Chase "to stop future payments and close all [automatic payment schedules] associated with the Kia 2016 payoff."  (*Id.* at 3.) But three payments still issued from the Chase Account in September and October 2021, only two of which were reversed.  (*Id.* at 4-5.)  Plaintiffs allege that they spent significant time reversing these payments.

Plaintiffs have sued Chase and Wells Fargo, asking that Chase return the remaining payment and waive any overdraft fees associated with the automatic payments that occurred from September 2021 onward.  Both defendants filed motions to dismiss for failure to state a claim, or in the alternative, for a more definite statement.  (Docs. 20, 21.) Plaintiffs missed the extended deadline to respond and instead filed two unrelated motions and two notices (Docs. 30-33), which the Court denied on February 28, 2022 (Doc. 34). Although Plaintiffs did not request an extension of time, the Court granted one.  (Doc. 34.) On that deadline, Plaintiffs filed a "Motion Amending Court Answer," which the Court construes as a motion to reconsider the Court's February 28, 2022 order.  (Doc. 35.)  Later, Plaintiffs filed a "Motion Changes District Court Judge."  (Doc. 45.)  All motions are now ripe.

**II. Motion for Reconsideration**

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."  LRCiv 7.2(g).  Further, the motion must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order."  *Id.*  Finally, "[n]o motion for reconsideration . . . may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in

the Order." *Id.* The court may deny a motion for reconsideration if it fails to comply with these rules. *Id.*

Plaintiffs have not shown manifest error in the Court's prior order, nor have they presented the Court with new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Rather, Plaintiffs repeat arguments—mostly word-for-word—that the Court previously considered and rejected. Plaintiffs' mere disagreement with the Court's prior order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). The motion for reconsideration is denied.

### III. "Motion Changes District Court Judge"

In this motion, Plaintiffs note that their case has been reassigned to a new judge, update the Court on the litigation status, and ask the Court to rule swiftly on matters it already ruled on in the February 28, 2022 order. For this reason, the motion is denied.

### IV. Motions to Dismiss

#### A. Rule 12(b)(6) standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 680, and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2008).

### B. Wells Fargo

Plaintiffs do not allege any wrongdoing by Wells Fargo.  In fact, Plaintiffs allege that Wells Fargo complied with every element of the alleged agreement, including telling Chase to discontinue any automatic payments.  Therefore, Plaintiffs fail to state a claim as to Wells Fargo.

### C. Chase

Instead, it's Chase that Plaintiffs accuse of wrongdoing.

First, the claims clearly not stated.  Plaintiffs allege that Chase discriminated against them on the basis of race, disability, and veteran status.  But these allegations are merely conclusory, all failing to indicate who actually treated Plaintiffs differently or how they were treated differently than other similarly situated individuals who do not belong to the protected class, the gravamen of discrimination claims.

Second, the claims centering around three payments that issued from the Chase Account after Plaintiffs had paid off their loan from Wells Fargo.  For starters, Daughter has no claim relating to these payments, as she was not enrolled in the Chase Account.  As for Father, he was reimbursed for two of the automatic payments.  As for the third, he does not allege that he told Chase to discontinue all future automatic payments; neither does he allege that Wells Fargo had some control over the Chase Account such that it could discontinue automatic payments on his behalf.  Plaintiffs have not plausibly alleged claims of fraud, theft, misrepresentation, or breach of contract.

## V. Conclusion

Plaintiffs have failed to state a claim upon which relief can be granted.   The Court will allow Plaintiffs to amend their complaint, to address the deficiencies identified by the Court.  Plaintiffs are encouraged to make use of the Court's online resources for self-represented litigants, some of which are listed below:

- Federal Rules of Civil Procedure: https://www.uscourts.gov/sites/default/files/federal_rules_of_civil_procedure_-_december_2020_0.pdf.

- 4 -

- Local Rules of Civil Procedure: https://www.azd.uscourts.gov/sites/default/files/local-rules/LRCiv%202021.pdf.
- Handbook for Self-Represented Litigants: https://www.azd.uscourts.gov/handbook-self-represented-litigants.

**IT IS ORDERED** that Plaintiffs' motion for reconsideration (Doc. 35) and "Motion Changes District Court" (Doc. 45) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss (Docs. 20-21) are **GRANTED**. If Plaintiffs chose to amend, they must file an amended complaint by no later than August 2, 2022. If no amended complaint is filed by that date, the Clerk of the Court is directed to terminate this case without further order.

Dated this 19th day of July, 2022.

Douglas L. Rayes
United States District Judge